UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANULFO RAZO, | ) | Case No. 1:05CV1106 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DAN POLSTER |
| vs. | ) | (Magistrate Judge McHargh) |
| | ) | |
| MARGARET BRADSHAW, | ) | |
| Warden, | ) | MEMORANDUM AND |
| | ) | <u>ORDER</u> |
| | ) | |
| Respondent. | ) | |
| | ) | |

McHARGH, Mag. J.

The petitioner Ranulfo Razo ("Razo") has filed a petition pro se for a writ of habeas corpus regarding his 2003 conviction for ten counts of rape, in the Lorain County, Ohio, Court of Common Pleas. The named respondent is Margaret Bradshaw ("Bradshaw"), Warden of Mansfield Correctional Institution. The petition is based on two grounds, alleging a violation of his due process rights because he was improperly denied an interpreter.

Razo has filed a "Motion for Stay and Abeyance," on the basis that he has filed a motion in state court under Ohio App.R. 26(B) to re-open his original appeal. (Doc. 12.) He states that he is raising two issues in his application to re-open:

> 1. Appellant was denied due process, when the indictment was insufficient, as the indictment fails to sufficiently apprise the defendant of what he must be prepared to meet to enable a proper defense and further fails to protect against double jeopardy.
>
> 2. Appellant was denied due process, and effective assistance of counsel when, he failed to protect the defendant's due process rights, when counsel failed to challenge the indictment's sufficiency, failed to advise defendant of his right to have witnesses in his defense and to cross-examine witnesses against him, and permitting the defendant to enter a guilty plea to a sentence that is otherwise contrary to law.

(Doc. 12, at 2.)   To date, the state has not responded.

The court notes that neither of the additional claims which Razo seeks to raise in state court relate to the claims he is pressing in his petition for a writ of habeas corpus.  His habeas claims relate to the issue of whether Razo required an interpreter to properly enter a plea to the charges.  The new claims relate to the sufficiency of the indictment.

Razo is essentially asking the court to stay his current habeas petition to allow exhaustion of other discrete claims in the state court system, which would then be added to an amended or second petition.  (Doc. 12, at 1.) The cases he cites do not provide support for such an approach.  See doc. 12, PX A, at 7.

In Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir.), cert. denied, 538 U.S. 1042 (2003), the Ninth Circuit utilized that circuit's "stay-and-abeyance" procedure.  The Supreme Court explained that this procedure is used in circumstances where:

> . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition could result in the loss of all of his claims--including those already exhausted--because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

Pliler v. Ford, 542 U.S. 225, 230 (2004). The Court stated that the stay-and-abeyance procedure involves three steps:

> . . . first, dismissal of any unexhausted claims from the original mixed habeas petition; second, a stay of the remaining claims, pending exhaustion of the dismissed unexhausted claims in state court; and third, amendment of the original petition to add the newly exhausted claims that then relate back to the original petition.

Id. at 230-231. The Pliler Court declined to address the propriety of the stay-and-abeyance procedure, but held that district judges are not required to give pro se litigants warnings regarding the procedural consequences of dismissal. Id. at 231.

In Rhines v. Weber, 544 U.S. 269 (2005), the Court held that district courts have discretion, in limited circumstances, to hold mixed petitions in abeyance, rather than dismissing them. Wiedbrauk v. Lavigne, No. 04-1793, 2006 WL 1342309, at *5 (6th Cir. May 17, 2006). The Court, however, cautioned that "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277; Wiedbrauk, 2006 WL 1342309, at *5. The Court stated that:

> . . . stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Rhines, 544 U.S. at 277. The Court also said that a stay should not be granted in cases involving "abusive litigation tactics or intentional delay." Id. at 278.

Even if a petitioner is able to satisfy the test for a stay and abeyance, a district court can properly deny a leave to amend where it would be futile to grant

the amendments because of procedural default. Wiedbrauk, 2006 WL 1342309, at *6.

In contrast to cases involving the stay-and-abeyance procedure, the claims at issue in Razo's motion to re-open his appeal are not contained (at present) in his petition for a writ of habeas corpus. See generally doc. 1, at §§ 12A.-12.B. Razo has not filed a motion to amend his petition, or otherwise argued these claims in the present habeas action.

The respondent admits that Razo exhausted his present claims in the state courts. (Doc. 6, at 2-3.) Thus, this is not a "mixed petition" case involving exhausted and unexhausted claims. See generally Rhines, 544 U.S. at 271. The court is not required to dismiss or stay "a petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings." Jones v. Parke, 734 F.2d 1142, 1145 (6th Cir. 1984).

Because this is not a "mixed petition" case, the stay-and-abeyance procedure is inappropriate. Even if it were, Razo would not meet the conditions. First, Razo has made no argument that he had good cause for the failure to present his claims in state court to this point. See generally doc. 12. Second, the court would abuse its discretion by granting him a stay where his unexhausted claims are futile.

Under Ohio law, a motion to re-open under Rule 26(B) must be based on the grounds that appellate counsel was ineffective. State v. Goines, 74 Ohio St.3d 409, 410, 659 N.E.2d 787 (1996) (per curiam) (claimed errors not related to ineffective assistance of appellate counsel are disregarded); State v. Cook, No. WD-04-029,

2005 WL 1926517, at *4 (Ohio Ct. App. Aug. 10, 2005) (claim of ineffective assistance of trial counsel improper basis for Rule 26(B) motion).  Neither of the grounds above allege ineffective assistance of appellate counsel.  Thus, it is likely that his application to re-open will be denied.

In addition, a motion to re-open under Rule 26(B) must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."  Ohio App.R. 26(B).  The appellate court judgment was rendered on June 30, 2004.  State v. Razo, 157 Ohio App.3d 578, 812 N.E.2d 1005 (2004).  Almost two years later, Razo filed his motion to stay in this court on May 24, 2006, stating that he filed the application to re-open "recently."  (Doc. 12, at 2.)

Razo did not file a copy of his state court motion to re-open, thus, the court is unaware of whether he is asserting good cause for the untimely filing. However, Rule 26(B)'s 90-day filing period is a state procedural rule applicable to Razo's claim, and Razo has apparently failed to comply with the timely-filing provision.  Should the state court  enforce the procedural sanction by denying his application for reopening, the claims would be procedurally defaulted.  The Sixth Circuit has found that the "good cause" requirement in Rule 26(B) is an adequate state procedural ground for purposes of procedural default.  Monzo v. Edwards, 281 F.3d 568, 578 (6th Cir. 2002).

For the foregoing reasons, Razo's motion for stay and abeyance (doc. 12) is denied.

IT IS SO ORDERED.

Dated:  June 29, 2006           /s/ Kenneth S. McHargh  
                                                                    Kenneth S. McHargh  
                                                                    United States Magistrate Judge