UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RANULFO RAZO,** ) | CASE NO. 1:05 CV 1106 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| ) | **MEMORANDUM OF OPINION** |
| **MARGARET BRADSHAW, Warden,** ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

The above-captioned case is before the Court pursuant to the Report and Recommendation of Magistrate Judge Kenneth S. McHargh ("R&R") **(ECF No. 14).** Pending is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Ranulfo Razo ("Petition"). *ECF No. 1*. Magistrate Judge McHargh considered Razo's claims and concluded that the federal habeas petition should be denied. Razo filed an objection to the R&R. *ECF No. 15*.

Razo, a Mexican national, was convicted pursuant to a guilty plea of ten counts of rape in the Lorain County Court of Common Pleas. In support of his habeas petition, Razo claims that he does not fully understand the English language. Razo argues that the trial court's (1) failure to appoint a qualified interpreter and (2) determination that Razo's inability to understand English would not impair his ability to understand the court proceedings violated his constitutional rights.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, a petition for writ of habeas corpus filed by a state prisoner:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

*Id.* § 2254(d). This Court may look only to relevant Supreme Court precedent in determining whether the state court decision is contrary to, or involves an unreasonable application of, clearly established federal law. *See Stapleton v. Wolfe,* 288 F.3d 863, 866 (6th Cir. 2002). In his objections to the R&R, Petitioner does not provide any relevant decisions of the U.S. Supreme Court bearing on his claims. He merely argues that the trial court "intimidated" him by challenging his English proficiency and claims that he was not advised of his constitutional rights, including his right to confront witnesses, and claims the court ignored his claim that he had an alibi witness. These claims are belied by the record. Although the trial court did not conduct a searching inquiry to ascertain whether Razo's command of the English language was adequate to allow him to participate in the proceedings without an independent interpreter, *see State v. Razo,* 812 N.E.2d 1005, 1011-12 (Ohio Ct. App. 2004) (Carr, J., concurring), the transcript of the final pretrial conference reveals that Razo could converse in and understand English.

During the final pretrial conference, Razo pled guilty to the charges against him and was sentenced to 18 years' imprisonment. *ECF No. 6, Ex. 6* (Tr. of Final Pretrial Conference ("Tr.")). Before taking the plea, the trial judge asked Razo whether his attorneys had explained the State's evidence against him. *Tr.* 8. Razo advised the court that he had an alibi

witness, and requested an opportunity to discuss the case further with his attorneys. *Tr.* 9. The trial court complied with this request. *Tr.* 9-11. After a brief recess, the trial judge ascertained that Razo understood the consequences of his plea. *Tr.* 15. Specifically, Razo acknowledged that he was giving up his right to a jury trial, the right to confront witnesses against him and the right to present witnesses on his behalf. *Tr.* 15. Razo confirmed that he reviewed the plea agreement with his attorney in Spanish and that he was satisfied with his attorney's translation. *Tr.* 16-17. The record as a whole reflects that Razo understood his colloquy with the trial court. In fact, when Razo did not understand the trial judge, he asked the judge to repeat his statement. *Tr.* 5. Accordingly, the trial court was not presented with any objective evidence that Razo could not understand the proceedings. Razo did not ask for an interpreter, and the court was not presented with any objective evidence that Razo needed an interpreter in order to understand the proceedings.

In his objections, Petitioner also claims that the State arbitrarily chose the dates upon which he committed the alleged crimes. *ECF No. 15* at 3. This claim was not raised in his habeas petition and is unaccompanied by any evidentiary support.

Accordingly, the Court **OVERRULES** Petitioner's objection and **ADOPTS IN FULL** the Report and Recommendation of Magistrate Judge McHargh **(ECF No. 14)**. The habeas petition **(ECF No. 1)** is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster   July 20, 2006*
**Dan Aaron Polster**
**United States District Judge**